UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SUE SIMMONDS,

                Plaintiff,

-against-

NEIGHBORHOOD RESTORE
HDFC/BROOKLYN NEIGHBORHOOD
IMPROVEMENT ASSOCIATES, INC.;
GUTMAN, MINTZ, BAKER & SONNENFELDT,
P.C.; JOSEPH GOLDSMITH, Attorney for the
Defendant(s),

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-4550 (DLI)

IRIZARRY, United States District Judge:

On September 26, 2005, plaintiff, appearing *pro se*, filed a complaint ("Compl."), an Order to Show Cause, a Notice of Motion For a Preliminary Injunction, and a Memorandum of Law in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order ("Mem."). Plaintiff seeks to have this Court vacate and dismiss a September 13, 2005, housing court order evicting her from her property located at 96 Brooklyn Avenue, Brooklyn, New York. Plaintiff does not state when the eviction and/or foreclosure is scheduled to take place. Plaintiff has paid the filing fee to bring this action. The Court denies plaintiff's request for a preliminary injunction and a temporary restraining order and dismisses the complaint for the reasons set forth below.

Background

    Plaintiff alleges:

    I, plaintiff have been totally rejected by the Legal system, discriminated against, I am suffering serious immediate harm as a human being. I am going through threat, duress, harassment and coercion by defendant(s) forcing me through an [sic] fraudulent and illegal eviction by using the lower court system to perpetrate a crime to evict me, and have me put into the street with no where to go.

Mem. at p. 2.

Discussion

This Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the Rooker-Feldman doctrine. This doctrine originated with the Supreme Court's decision in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), which held that no federal court, other than the Supreme Court, can consider a claim to reverse or modify a state court judgment. Id. at 416. Sixty years after deciding Rooker, the Supreme Court expanded upon this principle in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), holding that federal district courts do not have jurisdiction to entertain claims that are "inextricably intertwined" with a state court's determinations. Id. at 483, n. 16. The doctrine thus holds that federal district courts "lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the [United States] Supreme Court.'" Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002) (quoting Moccio v. New York State Office of Court Admin., 95 F.3d 195, 197 (2d Cir. 1996)). The Supreme Court recently clarified the contours of Rooker-Feldman in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517 (2005), and held that the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22.

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge the orders of the housing court regarding the eviction and/or foreclosure, this Court lacks jurisdiction to grant plaintiff the relief she seeks. See Trang v. Concris Realty Co., N0. 05 CV 5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (court lacks subject matter jurisdiction over eviction); Dockery v. Cullen & Dykman, 90 F.Supp.2d 233 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); Rene v. Citibank NA., 32 F.Supp.2d 539 (E.D.N.Y. 1999) (federal court lacks jurisdiction over action brought by plaintiff alleging that the judgment of foreclosure was obtained in violation of 42 U.S.C.

2

§ 1983 and the Racketeer Influenced and Corrupt Organizations Act); McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights). A review of plaintiff's claims here would necessitate a review of the state court's eviction and/or foreclosure order. Thus, plaintiff's claims are "inextricably intertwined" with the housing court decision and this Court lacks subject matter jurisdiction to review plaintiff's claim under the Rooker-Feldman doctrine. Likewise, plaintiffs' motions for a preliminary injunction and a temporary restraining order are dismissed for lack of subject matter jurisdiction.

Furthermore, in order to state a § 1983 claim, plaintiff must allege facts showing that the defendant, acting pursuant to state law, deprived the plaintiff of a right or privilege established by the Constitution or laws of the United States. " 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 638 (1980). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on her § 1983 claim, she must first establish that the conduct of the named defendants is "fairly attributable to the State." Am. Mfr. Mut. Ins. Co., 526 U.S. at 50; Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178, 186 (2d Cir. 2005) (Because the United States Constitution regulates only the government, not private parties, litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes "state action."). Here, the defendants are private parties whose conduct cannot be fairly attributed to the state. Thus, plaintiff does not present a cognizable claim under § 1983.

Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12 (h)(3). Therefore, the Court cannot consider plaintiff's order to show cause for a preliminary injunction and temporary restraining order. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
September 26, 2005